IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON GRUBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 2:05-cv-604-WKW |
| | ) |
| THE CITY OF EUFAULA, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Defendant the City of Eufaula, Alabama, submits this Memorandum in support of its Motion for Summary Judgment.

### I.  SUMMARY OF THE UNDISPUTED FACTS

*A.  Introduction*

In this 42 U.S.C. §1983 action, Aaron Grubbs alleges the City of Eufaula, Alabama, refused to hire him as a police officer on account of his race and thereby violated 42 U.S.C. § 1981.  (See Doc. 1 at 1, ¶ 1.)

The City of Eufaula denies it discriminated against Mr. Grubbs.  (See Doc. 14 at 1, ¶ 1.)  The police department refused to hire Mr. Grubbs because of his extensive arrest record.  (See Walker aff. at 1, ¶ 5.)

*B.  Employment Application*

On October 13, 2004, Aaron Grubbs filed an employment application with the City of Eufaula for the position of police officer.  (See Grubbs III at

1

18:20-22, 24:15-22, Ex. 2.)¹  Based upon Grubbs' extensive arrest history, Chief Kenneth Walker declined to hire him.  (<u>See</u> Walker aff. at 2, ¶ 11.)

According to Chief Walker, "I was the final decision maker about eliminating Mr. Grubbs from the application process." (Walker aff. at 2, ¶ 9.) "I decided not to hire Aaron Grubbs as a police officer because of his extensive arrest history for negotiating worthless negotiable instruments." (Walker aff. at 2, ¶ 11.) "I believed that Mr. Grubbs' extensive arrest history would impair his credibility and effectiveness when interacting with local merchants and other citizens as a police officer." (Walker aff. at 2, ¶ 12.)

Chief Walker adds, "Mr. Grubbs' arrest history also raises serious questions about his personal integrity and trustworthiness.  It is unlikely that a person could accidentally write so many bad checks.  Rather, the number of bad checks indicated to me that Mr. Grubbs had intentionally defrauded numerous businesses in order to obtain their merchandise." (Walker aff. at 2, ¶ 13.)

Regarding Mr. Grubbs' allegation of discrimination, Chief Walker states, "Aaron Grubbs' race was not a factor in my decision not to hire him." (Walker aff. at 2, ¶ 10.)

---

[1] This memorandum cites testimony from three separate Aaron Grubbs depositions: May 24, 2005, August 3, 2005, and November 21, 2005.  They are cited as Grubbs I, Grubbs II, and Grubbs III, respectively.

*C. Who is Aaron Grubbs?*

This is Mr. Grubbs' seventeenth (17th) civil lawsuit.  (See Grubbs III at 10:2-7, Ex. 1.)

He has thirty-nine (39) criminal convictions for Negotiating Worthless Negotiable Instruments.  (See Def.'s 1st Req. for Admissions to Pl.; Pl.'s Ans. to Def.'s 1st Req. for Admissions.)

He became a police officer by swearing falsely on his police academy applications.  He falsified two sworn police academy applications by omitting thirty-six (36) prior criminal convictions.  (See Grubbs I Exs. 5 and 6.)

Chief Alan Benefield, the Executive Secretary of the Alabama Peace Officers Standards & Training Commission, testified that, in his opinion, Mr. Grubbs committed Perjury when he falsified the sworn applications.  (See Benefield dep. at 35:6-15.)

Page 4 of each application contains an affidavit that states, "I have listed any and all misdemeanor arrests and convictions on my Academy application." (See Grubbs I Ex. 5 at 4, and Ex. 6 at 4.)  On both applications, Mr. Grubbs signed and swore to this statement.  (See Benefield dep. at 26:21 to 27:3, 29:22 to 30:2; Grubbs I Ex. 5 at 4, and Ex. 6 at 4.)

Chief Benefield's testimony about Mr. Grubbs' sworn falsification of the applications is clear:

> Q: In your opinion as a career police officer, a former police chief, and the current Executive Secretary of the Alabama Peace Officers Standards and Training Commission, did Mr. Grubbs commit perjury when he signed page four of Defense Exhibit 5?

3

    A:    In my opinion, yes.

    Q:    Did Mr. Grubbs commit perjury when he signed page four of Defense Exhibit 6?

    A:    In my opinion, yes.

(Benefield dep. at 35:6-15.)

### D. No Evidence of Discrimination

Mr. Grubbs has never met Chief Walker. (See Grubbs III at 33:14-15.) Mr. Grubbs has never had a conversation with Chief Walker. (See Grubbs III at 11-13.) The employment application does not list Mr. Grubbs' race. (See Grubbs III at 40:3-12, Ex. 2.) Nobody from the City of Eufaula ever told Mr. Grubbs that he was not hired because of his race. (See Grubbs III at 60:8-11.)

Mr. Grubbs has made false allegations to help his case. (See Grubbs III Ex. 3 at 2.) In his EEOC charge, he wrote, "I *discovered* that several white men were hired as police officers and that none were certified; I am certified." (Grubbs III Ex. 3 at 2.) In his deposition, Mr. Grubbs admitted that he made no such discovery:

    Q:    You do not know whether any of those officers were certified or uncertified?

    A:    No, I don't.

(Grubbs III at 56:21-23.)

In fact, the police department hired three officers during the period in which Mr. Grubbs applied. (See Walker aff. at 1, ¶ 5.) Two of the hires were men, and one was a woman. (See Walker aff. at 1, ¶¶ 6-8.) The woman and

4

one of the men were POST certified. (See Walker aff. at 1, ¶ 5.) The other man was not. (See Walker aff. at 1, ¶ 5.)

In his EEOC charge, Mr. Grubbs claimed, "some of those hired had Domestic Violence Charges against them." (Grubbs III Ex. 3 at 2.) He cannot support that allegation:

> Q:  You do not know the backgrounds on any of those officers?
>
> A:  No, I don't.

(Grubbs III at 56:1-20.)

In fact, the new hires' criminal record checks revealed no arrests. (See Walker aff. at 1, ¶¶ 6-8.) Copies of their criminal record checks are attached as exhibits to Chief Walker's affidavit. (See Walker aff. at 1, ¶¶ 6-8, and Exs. A, B, and C.)

Mr. Grubbs cannot identify any Eufaula police officer who is similarly situated to himself, having thirty-nine (39) criminal convictions. (See Grubbs III at 55:18-21, 65:17-21.)

### E. Municipal Policy

The City of Eufaula is an equal opportunity employer. (See Walker aff. at 3, ¶ 21.) It has a policy against racial discrimination in employment. (See Walker aff. at 3, ¶ 21.)

> It is the policy of the City of Eufaula, and all departments thereof, to provide equal employment opportunity and equal treatment to all employees in all aspects of employment without regard to race, color, religion, sex (including pregnancy), age (40 or over), national origin, or physical or mental disability (of an otherwise qualified individual).

(Walker aff. at 3, ¶ 21, and Ex. D.)

Exhibit D to Chief Walker's affidavit is a copy of the policy. (<u>See</u> Walker aff. at 3, ¶ 21, and Ex. D.)

## II. ISSUES

1. Is there substantial evidence that the Eufaula Police Department refused to hire Mr. Grubbs as a police officer on account of his race? No. The undisputed evidence shows that the City of Eufaula declined to hire Mr. Grubbs based on his extensive arrest history.

2. Is there substantial evidence of an unconstitutional or illegal municipal policy or custom that was a moving force behind any alleged violation? No. The undisputed evidence shows that the City of Eufaula is an equal opportunity employer.

## III. ANALYSIS

*A. Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs motions for summary judgment: "A party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

According to the Supreme Court, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

*B.  Merger of Claims*

Paragraph 1 of the complaint recites that this action is brought pursuant to 42 U.S.C. §§ 1981 and 1983.  (See Doc. 1 at 1, ¶ 1.)

Section 1981 states: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens."  42 U.S.C. § 1981 (Lexis 2005).

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983 (Lexis 2005).

According to the Supreme Court, "the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor."  Jet v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989); see also Butts v. County of Volusia, 222 F.3d 891, 894-95 (11th Cir. 2000) (holding "§ 1983 contains the sole cause of action against state actors for violations of § 1981").

Accordingly, § 1983 is the statutory vehicle through which a party enforces rights conferred under § 1981.

### C. Municipal Liability

"To prevail on his claim for damages against [a municipality], [a plaintiff] must show that the violation of his 'right to make contracts' protected by § 1981 was caused by a custom or policy within the meaning of *Monell* and subsequent cases." Jet v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989). "A plaintiff who sues a municipality under § 1983 for a violation of the rights contained in § 1981 may not rely upon the doctrine of respondeat superior." Butts v. County of Volusia, 222 F.3d 891, 893 (11th Cir. 2000).

"To impose section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

### 1. No Underlying Statutory Violation

In this case, there is no underlying statutory violation upon which to base municipal liability.

Section 1981 uses the same requirements of proof and the same analytical framework as Title VII of the Civil Rights Act of 1964. See Standard v. A.B.E.L. Servs., 161 F.3d 1318, 1330 (11th Cir. 1998).

(a) Prima Facie Showing

Under the McDonnell Douglas framework, "a plaintiff can establish a prima facie case that she was discriminated against ... by showing: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job or job benefit at issue." See Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 842-43 (11th Cir. 2000).

Mr. Grubbs cannot make the required prima facie showing. He cannot identify any Eufaula police officer who is similarly situated in terms of his arrest record. (See Grubbs III at 55:18-21, 65:17-21.)

Additionally, Mr. Grubbs was not qualified for the position. He falsified his POST application to gain admission to the police academy. (See Benefield dep. at 35:6-15.)

Because Mr. Grubbs cannot make a prima facie showing of discrimination, his allegations fail.

(b) Race-Neutral Reason

"Once the plaintiff has made out the elements of the prima facie case, the burden shifts to the employer to articulate a non-discriminatory basis for its employment action." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 767 (11th Cir. 2005).

Even assuming Mr. Grubbs could make a prima facie showing of disparate treatment, Chief Walker has articulated a non-discriminatory reason for declining to hire Mr. Grubbs: "I decided not to hire Aaron Grubbs as a police officer because of his extensive arrest history for negotiating worthless negotiable instruments." (See Walker aff. at 2, ¶ 11.)

(c)  No Evidence of Pretext

"Once an employer meets its burden to produce a non-discriminatory reason for its actions, the presumption of discrimination is eliminated." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005).

"To survive summary judgment, the employee must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the legitimate reasons given by the employer were not its true reasons, but were a pretext for discrimination." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005). "This evidence must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005) (quoting Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004).

Mr. Grubbs cannot identify any Eufaula police officers who have anything close to thirty-nine criminal convictions. (See Grubbs III at 55:18 to 56:10.)

There is no basis to dispute Chief Walker's explanation for declining to hire Mr. Grubbs.

In the absence of an underlying constitutional or federal statutory violation, municipal liability can never arise. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

### 2. Municipal Policy

Even if Mr. Grubbs could prove intentional discrimination, he would still be required to identify a municipal custom or policy that was the moving force behind the alleged violation.

"It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Board of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

Chief Walker's affidavit establishes that the City of Eufaula is an equal opportunity employer. (See Walker aff. at 3, ¶ 21.) The City of Eufaula has a policy against racial discrimination in employment. (See Walker aff. at 3, ¶ 21.) A copy of the City's policy is attached to Chief Walker's affidavit as Exhibit D. (See Walker aff. at 3, ¶ 21, and Ex. D.)

There is no unconstitutional or illegal custom or policy upon which to base municipal liability.

### IV.  CONCLUSION

WHEREFORE, defendant the City of Eufaula, Alabama, respectfully moves for a summary judgment in its favor.

/s/ James H. Pike
James H. Pike (PIK003)
Attorney for Defendant
The City of Eufaula, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, AL  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: **jpike@cobb-shealy.com**

### CERTIFICATE OF SERVICE

I, James H. Pike, certify that on March 23, 2006, I electronically served a copy of the foregoing document on:

Malcolm R. Newman
P.O. Box 6137
Dothan, AL  36302-6137

/s/ James H. Pike
James H. Pike