IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **AARON GRUBBS,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **VS.** | * | **CASE NO.: 2:05-CV-604-WKW** |
| | * | |
| **CITY OF EUFAULA, ALABAMA** | * | |
| | * | |
| **DEFENDANTS.** | * | |

## ANSWER TO MOTION FOR
## SUMMARY JUDGMENT

Aaron Grubbs, black American, applied to be a police officer with the Defendant City of Eufaula, Alabama (Defendant's Ex. 2). According to the Defendant's Chief of Police, Kenneth Walker, he was not hired due to his extensive arrest history (Walker Aff. at 2).

Rule 56 of the Fed. R. Civ. Proc. govern motions for Summary Judgment. A party so moving may or may not support the Motion with affidavits and other sworn testimony. The Court's role is to determine if there are material facts in controversy and if so found, summary judgment is denied. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Defendant has adequately and accurately stated the claims by Plaintiff under Title VII so Plaintiff will not re-state them here. Likewise, Defendant has properly cited the Court to the governing precedents obviating the need to repeat them here.

What is left is the alleged supporting evidence and rebuttal evidence. In addition to the affidavits of Charles Beasley (Ex. A) and Chauncey D. Woods (Ex. B), former

Barbour County Alabama Law Enforcement Officers which detail the criminal arrests of two current officers with the Defendant, this Court has the testimony of the Plaintiff (Ex.C) regarding the Defendant's history of ignoring the criminal histories of whites who seek to work for the Eufaula Police Department (Grubbs Depo. P. 47, lines 4 thru 23; P. 48, lines 1 thru 12.; P. 48 lines 21 thru P. 49 lines 21). (See, also Grubbs depo. Pages 44 and 45 as to Deputy Chauncey Wood's putative testimony.).

Plaintiff would also at trial present the Disciplinary Reports from the Personnel File of Officer Keith Bungay which will show that he was <u>reprimanded</u> for filing a false report while employed with the Defendant's Police Department, left the Department and was later re-hired by the Defendant! If that alone does not bring into question the credibility of Chief Kenneth Walker as to his reason for not hiring Plaintiff, to-wit: "I believed that Aaron Grubbs' extensive arrest history would impair his credibility and effectiveness when interacting with local merchants and other citizens as a police officer." (Walker Affidavit P. 2, para. 12) then his secondhand report of the "effort" made to discover Dexter Hammond's criminal record surely must. (Walker Affidavit paras. 16 thru 19). And lastly we are provided the criminal record checks for the three whites hired in November 2004 by the Defendant (Exs. A, B and C to Walker Affidavit). Where is the copy of the record that came back on the Plaintiff? It is not provided because Chief Walker never ran one since he knew he was not hiring the Plaintiff regardless of the results of any criminal background check. Plaintiff is not and was not white.

## Conclusion

Race was the primary motivating factor in the Defendant's decision to not hire Plaintiff. This Court should not decide issues of credibility that's the role left for the Jury.

Malcolm R. Newman, Attorney, P.C.

/s/ Malcolm R. Newman
Malcolm R. Newman (NEW017)
Attorney for Plaintiffs
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to the

following:

James Pike
Post Office Box 6346
Dothan, Alabama 36302-6346

/s/ Malcolm R. Newman, Esq.
Malcolm R. Newman, Esq.