IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON GRUBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 2:05-cv-604-WKW |
| | ) |
| THE CITY OF EUFAULA, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

### OBJECTION AND MOTION TO STRIKE

Defendant the City of Eufaula, Alabama, objects to, and moves to strike, certain affidavits and assertions filed in opposition to the summary judgment motion, as more specifically set out below.

### I. AFFIDAVIT OF CHARLES BEASLEY

The City objects to, and moves to strike, the affidavit of Charles Beasley.

*A. Failure to Disclose Witness*

First, Mr. Beasley was not disclosed as a witness pursuant to Federal Rule of Civil Procedure 26(a)(1). In fact, the plaintiff has not made any Rule 26 disclosures. They were due September 20, 2005. (See Doc. 10 ("Joint Rule 26(f) Report") at 1, § 2; Doc. 11 ("Uniform Scheduling Order") at 3-4, ¶ 12.)

Because Mr. Beasley was not disclosed as a witness, his testimony cannot be used to oppose a motion. See Fed. R. Civ. P. 37(c)(1).

1

### B. Inadmissible Hearsay

Second, Mr. Beasley's affidavit testimony regarding statements by Nadine Brown is hearsay. See Fed. R. Evid. 801(c). Hearsay evidence is not admissible. See Fed. R. Evid. 802.

Affidavits offered in opposition to a summary judgment motion must be limited to "such facts as would be admissible in evidence." See Fed. R. Evid. 56(e). Because Mr. Beasley's hearsay testimony would not be admissible at trial, it cannot be used to oppose a summary judgment motion.

### C. Irrelevant

Third, Mr. Beasley's affidavit testimony is irrelevant. See Fed. R. Evid. 401, 402. As discussed below, (1) Nadine Brown is an inappropriate comparator, (2) the plaintiff has not shown that Chief Walker knew about the alleged incident, and (3) Mr. Beasley's affidavit does not show that Mrs. Brown committed a crime.

#### 1. Inappropriate Comparator

"In a comparator analysis, the plaintiff is matched with a person or persons who have very similar job-related characteristics and who are in a similar situation to determine if the plaintiff has been treated differently than others who are similar to him." MacPherson v. University of Montevallo, 922 F.2d 766, 774, n.16 (11th Cir. 1991).

There is no evidence that Nadine Brown has ever been arrested, charged with, or convicted of, a crime. To the contrary, the undisputed evidence proves she has not. (See Brown aff. at 1, ¶ 5.)

On the other hand, the plaintiff was convicted thirty-nine times. (See Req. for Admissions; Ans. to Req. for Admissions.)

Without a criminal conviction, Nadine Brown is legally presumed innocent and, therefore, not an appropriate comparator to the plaintiff.

Additionally, Nadine Brown was not hired in place of the plaintiff. She was hired April 15, 1991. (See Brown aff. at 1, ¶ 3.) The plaintiff did not apply until October 13, 2004. (See Grubbs III at 18:20-22, 24:15-22, Ex. 2.) Because Mrs. Brown was not hired over the plaintiff, the allegation is irrelevant. See Fed. R. Evid. 401, 402.

Because Nadine Brown was not hired in the plaintiff's applicant pool and has no prior criminal convictions, she is not an appropriate comparator for purposes of disparate treatment analysis.

2. Decision-Maker's Knowledge

Charles Beasley's affidavit is also irrelevant because the plaintiff has not shown that Chief Kenneth Walker – the decision maker for the plaintiff's application – was aware of the incident. See Lubetsky v. Applied Card Sys., 296 F.3d 1301, 1306 (11th Cir. 2002) ("When we evaluate a charge of disparate treatment employment discrimination, we must focus on the actual knowledge and actions of the decision-maker.").

3

Unless Chief Walker knew about the incident, he could not have considered it.  See Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1261 (11th Cir. 2001) ("An employer who treats two employees differently because of a mistaken belief in the existence of a neutral reason does not violate Title VII.").

Without evidence that Chief Walker knew about the incident, it is irrelevant and inadmissible.  See Fed. R. Evid. 401, 402.  It cannot be used to oppose a summary judgment motion.  See Fed. R. Civ. P. 56(e).

### 3.  No Evidence of a Crime

Mr. Beasley's hearsay affidavit does not establish that Nadine Brown actually committed a crime.  Even if Mrs. Brown shot at Mr. Brown's car, there are insufficient facts upon which to base a finding of criminal conduct.

For example, in Price v. City of Dothan, the United States District Court for the Middle District of Alabama held that police officers were justified to shoot into a car when a suspect tried to run them over.  See Price v. City of Dothan, No. 99-D-1443-S, 2001 U.S. Dist. LEXIS 12885, at *12-13 (M.D. Ala. July 19, 2001).

In Brossueau v. Haugen, 125 S. Ct. 296 (2004), the United States Supreme Court upheld the shooting of a suspect inside a car.  In Troupe v. Sarasota, 419 F.3d 1160 (11th Cir. 2005), the United States Court of Appeals for the Eleventh Circuit upheld the shooting of a suspect inside a car.

Mrs. Brown was not arrested or convicted of a crime. From the minimal facts alleged in the hearsay affidavit, there is insufficient information to conclude that Mrs. Brown committed a criminal act.

The plaintiff has the burden to present substantial evidence to defeat a summary judgment motion. The hearsay affidavit of Charles Beasley falls short.

### D. Mischaracterized Testimony

The plaintiff claims that Mr. Beasley's affidavit "detail[s] the criminal arrest" of Nadine Brown. (See Doc. 23 at 2, lines 1-2.)

That claim is inaccurate. Nowhere in his affidavit did Mr. Beasley testify that Nadine Brown was arrested. Mrs. Brown's own affidavit states she has never been arrested. (See Brown aff. at 1, ¶ 5.) The plaintiff's failure to provide a specific citation to the record requires that the evidence be disallowed. (See Doc. 11 ("Uniform Scheduling Order") at 1-2, § 2.)

For the foregoing reasons, the City objects to the affidavit of Charles Beasley and moves to strike it.

### 2. **AFFIDAVIT OF CHAUNCEY WOOD**

The City objects to, and moves to strike, the affidavit of Chauncey Wood.

*A. Failure to Disclose Witness*

Mr. Wood was not disclosed as a witness pursuant to Federal Rule of Civil Procedure 26(a)(1). The plaintiff did not make Rule 26 disclosures. Accordingly, Mr. Wood's affidavit cannot be used to oppose a motion. See Fed. R. Civ. P. 37(c)(1).

*B. Inadmissible Hearsay*

Second, the affidavit testimony is based on hearsay. See Fed. R. Evid. 801(c), 802. Mr. Wood admits he was not present when the arrest allegedly occurred. (See Wood aff. at 1 ("I was the jailer/dispatcher on duty at the jail in Clayton.")).

Mr. Wood does not claim to have witnessed the arrest. He could not have known the nature of any alleged criminal charge unless someone told him, or he read about it on a document. In either case, Mr. Wood's alleged knowledge would be based entirely on hearsay. See Fed. R. Evid. 801(c).

Hearsay evidence is inadmissible, see Fed. R. Evid. 802, and therefore, cannot be used to oppose a summary judgment motion, see Fed. R. Civ. P. 56(e).

*C. Best Evidence Rule*

Third, the arrest report and charging instrument are the best evidence of an arrest and criminal charge. See Fed. R. Evid. 1002. They have not been produced.

6

To the extent Mr. Wood's affidavit testimony is based upon something he read on an arrest report or a charging instrument, it violates the Best Evidence Rule.  See Fed. R. Evid. 1002.

### D.  *Irrelevant*

Fourth, Mr. Wood's affidavit testimony is irrelevant.  See Fed. R. Evid. 401, 402.  As discussed below, Capt. Marsh is not an appropriate comparator, and there is no evidence that Chief Walker knew about the alleged incident.

#### 1.  Inappropriate Comparator

There is no evidence that Capt. Marsh was convicted of a crime.  The undisputed evidence shows he has never been convicted of a crime.  (See Marsh aff. at 1, ¶ 5.)

By comparison, the plaintiff has been convicted thirty-nine times.  (See Req. for Admissions; Ans. to Req. for Admissions.)

Without evidence of a conviction, Capt. Marsh is legally presumed innocent and, therefore, not an appropriate comparator to the plaintiff.

Additionally, Capt. Marsh was not hired in place of the plaintiff.  Capt. Marsh was hired February 24, 1987.  (See Marsh aff. at 1, ¶ 3.)  The plaintiff did not apply until October 13, 2004.  (See Grubbs III at 18:20-22, 24:15-22, Ex. 2.)

Because Capt. Marsh has no prior criminal convictions and was not hired in place of the plaintiff, he is not an appropriate comparator. The allegations against him are irrelevant. See Fed. R. Evid. 401, 402.

### 2.  Decision-Maker's Knowledge

Further, there is no evidence that Chief Kenneth Walker – the decision maker for the plaintiff's application – was aware of the alleged incident. See Lubetsky v. Applied Card Sys., 296 F.3d 1301, 1306 (11th Cir. 2002) ("When we evaluate a charge of disparate treatment employment discrimination, we must focus on the actual knowledge and actions of the decision-maker.").

Unless Chief Walker knew about the incident, he could not have considered it. See Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1261 (11th Cir. 2001) ("An employer who treats two employees differently because of a mistaken belief in the existence of a neutral reason does not violate Title VII.").

Without evidence that Chief Walker knew about the incident, it is irrelevant and inadmissible. See Fed. R. Evid. 401, 402. It cannot be used to oppose a summary judgment motion. See Fed. R. Civ. P. 56(e).

### III.  PLAINTIFF'S TESTIMONY

#### A. Inadmissible Hearsay

The plaintiff's testimony about the alleged arrest histories of white Eufaula police officers is entirely hearsay:

8

> Q: And of those five people, **these are people that you have heard other people say** that they have been either arrested or in some kind of trouble with the law?
>
> A: **That's correct.**
>
> Q: For these five people **you do not have any firsthand personal knowledge that any of that information is actually true?**
>
> A: **No, sir, at this time I do not.**
>
> Q: Do you know of any present or former employee of the Eufaula Police Department that has had 39 convictions?
>
> A: No, I don't know.
>
> Q: Do you know of any present or former employee of the Eufaula Police Department that has had 10 convictions?
>
> A: I don't know.
>
> Q: Do you of any present or former employee of the Eufaula Police Department that has had five convictions?
>
> A: I don't know.
>
> Q: **Do you have firsthand knowledge of any present or former employee of the Eufaula Police Department who has ever had even one conviction?**
>
> A: **I don't know.**

(Pl.'s Ex. C – Grubbs III at 55:9 to 56:10 (emphasis added).)

Hearsay evidence is inadmissible. See Fed. R. Evid. 802. Accordingly, it cannot be used to oppose a summary judgment motion. See Fed. R. Civ. P. 56(e).

9

*B. Irrelevant*

There is no evidence that any of the police officers mentioned in the plaintiff's testimony were hired instead of the plaintiff, or have been convicted of a crime. They are not valid comparators to the plaintiff, and any testimony about them is irrelevant. See Fed. R. Civ. P. 401, 402.

For the foregoing reasons, the City objects to the plaintiff's testimony and moves to strike it.

## IV. ALLEGATION ABOUT KEITH BUNGAY

On Page 2, the plaintiff claims, "Plaintiff would also at trial present the Disciplinary Reports from the Personnel File of Officer Keith Bungay which will show that he was reprimanded for filing a false report while employed by the Defendant's Police Department, left the Department and was later re-hired by the Defendant."

This assertion is (1) violates the Uniform Scheduling Order, (2) is inadmissible hearsay, and (3) violates the Best Evidence Rule. See Fed. R. Evid. 801, 803, 1002.

*A. Uniform Scheduling Order*

The plaintiff's unsubstantiated allegation against Officer Bungay violates Section 2 of the Uniform Scheduling Order:

> In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. ***Failure to make such***

> ***specific reference will result in the evidence not being considered by the court.***

(Doc. 11 ("Uniform Scheduling Order") at 1-2, § 2 (emphasis added).)

The plaintiff's allegation against Officer Bungay plainly violates Section 2 of the Uniform Scheduling Order and should be stricken. There are no deposition transcripts or documents in the record to support the plaintiff's allegation.

### B. Inadmissible Hearsay

The allegation is also hearsay. See Fed. R. Evid. 801, 803. It is a hearsay reference to an alleged document that contains hearsay, which ultimately amounts to double hearsay. Because it does not amount to evidence that could be admissible at trial, the plaintiff's assertion cannot be offered to oppose a summary judgment motion. See Fed. R. Civ. P. 56(e).

### C. Best Evidence Rule

Federal Rule of Evidence 1002 states, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress."

The allegation is an assertion about the contents of a writing. Under the Best Evidence Rule, the writing itself is required to prove its contents. See Fed. R. Evid. 1002. The plaintiff's characterization of the alleged writing is inadmissible.

11

*D. Irrelevant*

The statement is also irrelevant because Officer Bungay is not a valid comparator to the plaintiff. There is no evidence that Officer Bungay has been convicted of a crime, or was hired in place of the plaintiff. Therefore, the allegation is irrelevant. See Fed. R. Evid. 401, 402.

For the foregoing reasons, the City objects to the unsubstantiated statement about the contents of Officer Bungay's personnel file and moves to strike it.

### V. **OTHER ALLEGATIONS**

On Page 2, the plaintiff asserts (1) that Chief Walker never ran a criminal record check on the plaintiff, (2) that Chief Walker "knew he was not hiring the Plaintiff regardless of the results of any criminal background check", and (3) that "Race was the primary motivating factor in the Defendant's decision to not hire Plaintiff".

Those allegations are not supported by citations to the record, as required by the Uniform Scheduling Order. (See Doc. 11 ("Uniform Scheduling Order") at 1-2, § 2.)

According to the Court's scheduling order, "Failure to make such specific reference will result in the evidence not being considered by the court." (Doc. 11 at 1-2, ¶ 2.)

The City objects to the unsubstantiated allegations and moves to strike them based on Section 2 of the Uniform Scheduling Order.

## VI. CONCLUSION

For the foregoing reasons, the City of Eufaula objects to, and moves to strike, the matters identified above.

      **/s/ James H. Pike**
      James H. Pike (PIK003)
      Attorney for Defendant
      The City of Eufaula, Alabama

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, AL  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: **jpike@cobb-shealy.com**

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on May 15, 2006, I electronically served a copy of the foregoing document on:

Malcolm R. Newman
P.O. Box 6137
Dothan, AL  36302-6137

      **/s/ James H. Pike**
      James H. Pike