IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AARON GRUBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 2:05-cv-604-WKW |
| | ) |
| THE CITY OF EUFAULA, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

### REPLY TO PLAINTIFF'S SUMMARY JUDGMENT RESPONSE

Defendant the City of Eufaula, Alabama, replies to the plaintiff's response to its Motion for Summary Judgment as follows.

### I. SUMMARY OF THE ARGUMENT

Summary judgment should be granted because the plaintiff did not present substantial evidence (1) of an underlying statutory violation, or (2) of a municipal custom or policy that was a moving force behind an alleged violation.

### II. ARGUMENT

"To impose section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

*A. No Underlying Statutory Violation*

The plaintiff did not present substantial evidence of an underlying constitutional or statutory violation. Specifically, the plaintiff did not satisfy the McDonnell Douglas burden to show (1) that he was qualified for the position, and (2) that the City of Eufaula's proffered explanation is a pretext. See Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 842-43 (11th Cir. 2000).

1. Qualification for Position

The plaintiff did not address the City's argument that he is not qualified to be a police officer.

The plaintiff did not dispute the City's evidence that he falsified his police academy application, or that he has thirty-nine criminal convictions. (See Def.'s Br. at 10.)

Because the plaintiff did not present substantial evidence that he is qualified for the position, the summary judgment motion should be granted.

2. Burden to Show Pretext

The plaintiff also did not meet his burden to show pretext. "Once an employer meets its burden to produce a non-discriminatory reason for its actions, the presumption of discrimination is eliminated." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005).

"To survive summary judgment, the employee must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the legitimate reasons given by the employer were not its true reasons, but were a pretext for discrimination." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005).

"This evidence must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005) (quoting Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004)).

The City identified the plaintiff's criminal convictions as the legitimate, race-neutral reason for its decision. (See Walker aff. at 2, ¶¶ 10-11.) As discussed below, the plaintiff did not offer substantial evidence that the City's explanation is a pretext.

(a) Appropriate Comparators

"In a comparator analysis, the plaintiff is matched with a person or persons who have very similar job-related characteristics and who are in a similar situation to determine if the plaintiff has been treated differently than others who are similar to him." MacPherson v. University of Montevallo, 922 F.2d 766, 774, n.16 (11th Cir. 1991).

3

"The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." Wilson v. B/E Aero, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004).

The appropriate comparators were the other applicants who were hired over the plaintiff. The plaintiff did not offer evidence to contradict the City's evidence that the other applicants do not have prior criminal convictions.

The plaintiff also did not contradict the City's evidence of the plaintiff's own thirty-nine criminal convictions.

The plaintiff did not offer evidence that a similarly situated applicant was hired over the plaintiff. "If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

(b)  Inappropriate Comparators

Instead of addressing the other applicants, the plaintiff made unsubstantiated allegations against other police employees. For the reasons stated in the accompanying Objection and Motion to Strike, those allegations are inadmissible.

Even if the Court considers the allegations, however, the plaintiff still did not offer evidence that any Eufaula police officer has ever been convicted of thirty-nine crimes. The plaintiff did not identify even one conviction:

4

> Q: Do you have firsthand knowledge of any present or former employee of the Eufaula Police Department who has ever had even one conviction?
>
> A: I don't know.

(Grubbs III at 56:7-10.)

According to the Eleventh Circuit, "We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Mannicia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

"To make a comparison of the plaintiff's treatment to that of non-minority employees, the plaintiff must show that he and the employees are similarly situated in all relevant respects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

The plaintiff's own thirty-nine convictions are undisputed. (See Req. for Admissions; Ans. to Req. for Admissions.) No other employees are "similarly situated in all relevant respects" or "nearly identical" to the plaintiff.

### (c) Decision-Maker's Knowledge

Most importantly, the plaintiff did not offer evidence that Chief Walker knew about the alleged altercations involving other employees. "When we evaluate a charge of disparate treatment employment discrimination, we must focus on the actual knowledge and actions of the decision-maker." Lubetsky v. Applied Card Sys., 296 F.3d 1301, 1306 (11th Cir. 2002).

"Racial discrimination is an intentional wrong. An empty head shows no discrimination." Pressley v. Haeger, 977 F.2d 295, 297 (7th Cir. 1992) (quoted in Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1262 (11th Cir. 2001)).

"An employer who treats two employees differently because of a mistaken belief in the existence of a neutral reason does not violate Title VII." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1261 (11th Cir. 2001).

In his affidavit, Chief Walker stated, "I was the final decision maker about eliminating Aaron Grubbs from the application process." (Walker aff. at 2, ¶ 9.) "I have not hired anyone as a police officer who was even remotely similarly situated to Aaron Grubbs." (Walker aff. at 2, ¶ 14.)

Chief Walker added, "To my knowledge, Captain Tim Marsh, Sergeant Nadine Brown, … and Officer Keith Bungay have never been arrested, charged with a crime, or convicted of a crime." (Walker aff. at 2, ¶ 15.)

The plaintiff did not offer evidence to contradict Chief Walker's testimony. Without proof that Chief Walker knew about the alleged incidents involving other officers, there can be no inference of intentional discrimination.

### B.  No Municipal Custom or Policy

The plaintiff did not address the requirement to identify a municipal custom or policy that was a moving force behind a constitutional or statutory violation. Thus, even if the plaintiff had offered substantial evidence of an underlying violation, he could not survive summary judgment.

"It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Board of the County Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

The City proved that it has a written policy against racial discrimination and that it actually employs eighteen African Americans in its police department. (See Walker aff. at 3, ¶¶ 20- 21, and Ex. D.) Because the plaintiff did not contradict this evidence, summary judgment should be granted.

### III. CONCLUSION

The plaintiff's summary judgment response improperly relies upon hearsay and innuendo, rather than admissible evidence. Fed. R. Civ. P. 56(e). It does not meet the respondent's burden under Rule 56.

For the foregoing reasons, the summary judgment motion should be granted.

/s/ James H. Pike
James H. Pike (PIK003)
Attorney for Defendant
The City of Eufaula, Alabama

7

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, AL  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: **jpike@cobb-shealy.com**

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on May 15, 2006, I electronically served a copy of the foregoing document on:

Malcolm R. Newman
P.O. Box 6137
Dothan, AL  36302-6137

**/s/ James H. Pike**
James H. Pike