IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON GRUBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cv-604-WKW |
| | ) | |
| CITY OF EUFAULA, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Motion for Summary Judgment (Doc. #17) and a related Objection and Motion to Strike (Doc. #24), filed by Defendant City of Eufaula.   For reasons to be discussed, the Motion for Summary Judgment is due to be granted, and the Objection and Motion to Strike is due to be granted in part and denied in part.

## I.  FACTS AND PROCEDURAL HISTORY

On October 13, 2004, Plaintiff Aaron Grubbs ("Grubbs"), a black male, filed an application for employment as a police officer for the City of Eufaula (the "City").  He had recently completed training at the Alabama Peace Officer Standards and Training Academy, and claimed to be "certified" as a peace officer.  The City did not hire Grubbs, resulting in his filing a Charge of Discrimination with the EEOC claiming he was denied employment because of his race.  On June 24, 2005, Grubbs filed the instant action alleging racial discrimination in employment under 42 U.S.C. §§ 1981 and 1983.  The only substantive allegations of the complaint are (1) ". . . several white males were hired as police officers and all were less qualified than [Grubbs];" and (2) ". . . the Defendant historically and consistently fails to recruit, hire, train or promote African-Americans for

municipal positions in all departments." (Compl. ¶¶ 8 & 9.)

In its First Amended Answer (Doc. #14), the City admitted that Grubbs is a certified police officer who applied for a job at the Eufaula Police Department. The City denied the certification was valid, however, due to Grubbs' fraud in its procurement. (*Id*.) The City further answered that Grubbs was not qualified because he falsified two police academy applications, he has an extensive criminal record, and he omitted information from his job application. (*Id*.) The City also noticed its intention to pursue attorney fees against Grubbs for bringing a groundless, frivolous, and unreasonable action in bad faith.

Grubbs is a high school graduate with a work history that includes three years as a mechanic and eight years as a school bus driver. (Doc. #18-4, Ex. 2.) His law enforcement career began when he worked a short time in 2003-2004 as a police officer in Louisville.[1] He was employed as a patrolman for the Brundidge Police Department at the time of his October 19, 2004, application for employment with the City. (*Id*.)

On his two applications to attend the police academy, Grubbs reported three prior convictions for "Fraud, Insufficient Funds" as his total criminal history. (Doc. #18-2.) In fact, he has now admitted thirty-nine such convictions. (Doc. #18-11, Ans. to Req. for Admissions.)[2] Kenneth

---

[1] This employment stint does not appear on Grubbs' application for employment with the City, perhaps because of litigation pending at the time for racial discrimination, filed by Grubbs against the Town of Louisville and others. *See Grubbs v. Town of Louisville, et al.,* in the Middle District of Alabama, Case No. 2:04cv1025-F, dismissed with prejudice on November 18, 2005. The *Louisville* suit was the sixteenth civil action filed by Grubbs, the first in federal court. The current action is Grubbs' seventeenth civil suit in which he has appeared as plaintiff, the second in the Middle District of Alabama. (Doc. #18-4, Ex. 1.)

[2] The police academy application contains the following sworn statement, executed by Grubbs: "I understand that falsification of this application will render me ineligible to attend any law enforcement academy in the state of Alabama and will render me ineligible for certification as a law enforcement officer by the Alabama Peace Officer Standards and Training Commission." (Doc. #18-10 at 27-28.) The Executive Secretary of the Alabama Peace Officer Standards and Training Commission testified that Commission rules establish a character requirement for peace officers in Alabama; that the Commission requires all applicants to disclose all misdemeanor

2

Walker, Chief of the Eufaula Police Department ("Chief Walker"), testified that he was in charge of hiring police officers, subject to the approval of the mayor. (Doc. #18-6.) From November 1, 2004, until January 18, 2005, the City hired two white males and one white female. (*Id.*) Of the fifty-two full-time employees of the Police Department, 65% are white and 35% are black. (*Id.*)

Walker testified that he decided not to hire Grubbs due to his extensive arrest history, which would "impair his credibility and effectiveness when interacting with local officials and other citizens as a police officer." (*Id.*) The arrest history "raises serious questions about [Grubbs'] personal integrity and trustworthiness." (*Id.*) Moreover, Walker noted that he has never hired anyone as a police officer "who was even remotely similarly situated to Aaron Grubbs." (*Id.*)

Grubbs has no personal knowledge of less qualified white males being hired as police officers. (Doc. #18-4 at 55, 65). He has heard of Eufaula police officers who have had problems with the law, but has no personal knowledge of the truth of what he has heard. (*Id.*) Grubbs submitted the affidavits of Chauncey D. Wood, III ("Wood") (Doc. #23-3),[3] former jailer/dispatcher at the jail in Clayton, and Charles Beasley ("Beasley") (Doc. #23-2), former Barbour County Deputy Sheriff. The one-paragraph affidavit of Beasley briefly details the deputy's response to a "domestic call" in 1989 between a current female police officer of the City and her spouse.[4] To the contrary, Chief Walker testified that, to his knowledge, none of the officers Grubbs identified as having had problems with the law had ever been arrested, charged with a crime, or convicted of a crime. (Doc.

arrests; and that Grubbs committed perjury when he signed the police academy application. (Doc. #18-10, at 34-35.)

[3] The City has moved to strike this affidavit due to the failure of Grubbs to disclose Wood as a witness. (Doc. #24.) The motion is due to be granted. Even if allowed and considered, however, Wood's affidavit is not supportive of Grubbs' claims.

[4] The balance of the affidavit is rank hearsay and is stricken.

3

#18-6 at 2.)

## II.  JURISDICTION AND VENUE

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations in support of both.

## III.  STANDARD OF REVIEW

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id*. at 323.   The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324.   To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v.  Zenith*

*Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the court must believe the evidence of

the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's

favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has

responded to the motion for summary judgment, the court must grant summary judgment if there is

no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

## IV.  DISCUSSION

Grubbs brings claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983.  Section 1981 provides

that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to the full

and equal benefit of all laws and proceedings for the security of persons and property . . . ."  42

U.S.C.A. § 1981 (a).  Section 1983 prohibits "deprivation of any rights, privileges, or immunities

secured by the Constitution and laws" by any person acting under color of state law.  42 U.S.C. §

1983.

In a failure-to-hire case, the plaintiff must establish a *prima facie* case by demonstrating that:

"(1) he was a member of a protected class; (2) he applied and was qualified for a position for which

the employer was accepting applications; (3) despite his qualifications, he was not hired; and (4) the

position remained open or was filled by another person outside of his protected class."  *E.E.O.C. v.*

*Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002).

Because Grubbs presents circumstantial, rather than direct, evidence of discrimination, this

case is governed by the analysis found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Under this test, the plaintiff has the initial burden of establishing a *prima facie* case of unlawful

employment discrimination by a preponderance of the evidence.  *Id*. at 802; *Young v. Gen. Food*

*Corp.*, 840 F.2d 825, 828 (11th Cir. 1988).

If the Court assumed *arguendo* that Grubbs established a *prima facie* case, the burden would then shift to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Chapman*, F.3d at 1024. The employer's burden is "exceedingly light," requiring only that the employer offer evidence that could lead a rational fact-finder to believe the decision was not discriminatory. *Turnes v. AmSouth Bank, N.A.,* 36 F.3d 1057, 1061 (11th Cir. 1994). If the employer is able to satisfy this burden, "'the *McDonnell Douglas* framework – with its presumptions and burdens' – disappear[s] and the sole remaining issue [is] 'discrimination *vel non*.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142-43 (2000) (citing *St. Mary's Honor Ctr.*, 509 U.S. at 113, and *U.S. Postal Service Bd. of Governors v. Aikens*, 460 U.S. 711, 714 (1983)).

The burden would then shift back to Grubbs to demonstrate that the defendant's reasons are merely pretexts. "[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1228 (11th Cir. 1993) (citation omitted). The plaintiff may meet this burden by pointing out "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004). The Supreme Court has held that a "plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148.

Grubbs' entire case rests upon his own hearsay testimony, which is inadmissible, and the

6

above-referenced affidavits, neither of which complies with Rule 56, Fed. R. Civ. P. (as neither contains material facts "as would be admissible in evidence") nor advances Grubbs' case. With respect to a *prima facie* case of discrimination, he has utterly failed to refute (1) the City's argument that he is not qualified to be a police officer; (2) evidence that he falsified his police academy application; and (3) his admitted thirty-nine convictions. Nor has Grubbs, assuming he were qualified for the position, offered any evidence, much less "significantly probative evidence," *Clark*, *id.*, to refute the City's non-discriminatory reasons for not hiring him. No comparators have been identified. He has produced no evidence that the City "historically and consistently fails to recruit, hire, train or promote African-American for municipal positions in all departments." (Compl. ¶ 9.) Evidence aside, Grubbs posits no cogent argument in support of his claims, including the ultimate claim that he should have been hired as a police officer. In short, there is no dispute as to any material fact, and summary judgment is due to be granted.

## V. CONCLUSION

This action has resulted in a waste of this Court's time and resources,[5] and of the parties' time and money. Having been spent, time is not recoverable, but money is. Accordingly, it is ORDERED:

(1)    The City's Motion for Summary Judgment (Doc. #17) is GRANTED. This case will be dismissed with prejudice by separate order, with costs taxed to Grubbs.

(2)    In its First Amended Answer, the City gave notice of intent to seek attorney fees on the grounds that this action is "groundless, frivolous, unreasonable, and/or without foundation and

---

[5] Frivolous actions divert attention and resources generally from cases that have merit, including cases seeking legitimate redress for discrimination.

brought in bad faith." (Doc. #14 at 5.) The parties are directed to Rule 54, Fed. R. Civ. P., should the City wish to take advantage of that procedure.

(3)    The City's Objection and Motion to Strike (Doc. #24) is GRANTED as to the affidavit of Wood, and GRANTED in part and DENIED in part as set forth above, as to the affidavit of Beasley.

Done this the 29th day of August, 2006.


      /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE